No. 22,370.

L. L. HIATT, *Appellant,* v. WICHITA NATURAL GAS COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

DAMAGES—*Maintenance of Pipe Line and Telephone Line Across Farm Lands—Contract Interpreted.* In an action for damages resulting from the maintenance of a pipe line and telephone line under a grant of a right of way with respect thereto it is held that

(1) An agreement to pay for any resulting injury to crops does not impose a liability on account of the frightening of grazing cattle so that they will not eat the grass;

(2) A subsequent agreement on the part of the grantee of the right of way not to exercise the right given until after the grazing season is not enforceable unless supported by a new consideration;

(3) A provision that the right of way is for one line only, following a grant of a right to construct pipe lines and telephone lines, is to be interpreted as permitting the construction of one pipe line and one telephone line.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed March 12, 1921. Affirmed.

*John Madden, John Madden, jr.,* and *C. E. Cooper,* all of Wichita, for the appellant.

*A. C. Malloy, R. C. Davis, W. H. White,* all of Hutchinson, and *H. O. Caster,* of Bartlesville, Okla., for the appellee.

The opinion of the court was delivered by

MASON, J.: L. L. Hiatt, the owner of one tract of land and the lessee of another, on each of which the Wichita Natural Gas Company maintains a pipe line and telephone line, brought this action for damages sustained by the construction and maintenance thereof. Liability was admitted with respect to claims on account of injury to his crops, but allegations with respect to other items were stricken from the petition on motion of the defendant, and from this ruling the plaintiff appeals.

1. The defendant has a right of way across both tracts, acquired by written contracts in which it agreed to pay any damages caused by it to crops and fences. The plaintiff asks a recovery because his cattle, pastured upon the tracts in question, have been frightened and made nervous and caused to lose in

Hiatt v. Natural Gas Co.

increase of flesh, by the noise and use of explosives incident to the operations of the defendant. The plaintiff argues that inasmuch as, through the conditions created by the defendant, his cattle were made so nervous that they would not feed, he has lost his crop as completely as if it had been burned. We conclude, however, that no liability for the results of frightening the cattle is assumed by the plaintiff under its promise to pay for damages to the crops or any of the other terms of the contract.

2. The plaintiff also relies upon an allegation that after the execution of the right of way grants, the managing officer of the defendant company orally agreed with him to defer the work complained of until the grazing season should be over, in order to prevent injury to the cattle. In our judgment such an agreement cannot be made the basis of a recovery because no consideration therefor is alleged. The plaintiff argues that the obligation which rested upon the defendant to use its property in such manner as not to cause injury to another formed a sufficient consideration for the promise to postpone the exercise of its right to construct and maintain its line, but we do not find the argument persuasive.

3. One of the contracts contained a provision that the right of way was granted "for one line only." The plaintiff contends that under this contract the defendant was entitled to construct and maintain either one pipe line or one telephone line, but not one of each, and inasmuch as it constructed both it was a trespasser as to one or the other. The clause referred to was interlined as a limitation on the grant expressed in the printed portion of the lease of "the right of way to lay, maintain, alter, repair, operate and remove pipe lines for the transportation of oil and gas, erect, maintain and operate telegraph or telephone lines" over and through the land. We think the effect of the insertion is to limit the right of the company to the construction of one pipe line and one telephone line, rather than to require it to choose between the two.

The judgment is affirmed.